```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JAMAL KEARSE,                         :    07 Civ. 4730 (PAC)(JCF)
                                      :
             Plaintiff,               :
                                      :          REPORT AND
      - against -                     :          RECOMMENDATION
                                      :
LINCOLN HOSPITAL (BRONX, NEW YORK);   :
HAND SPECIALIST JOHN DOE (LINCOLN     :
HOSPITAL BRONX N.Y.),                 :
                                      :
             Defendants.              :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE PAUL A. CROTTY, U.S.D.J:

Jamal Kearse brings this action pro se pursuant to 42 U.S.C. § 1983 against defendants Lincoln Hospital and "Hand Specialist John Doe," a doctor at the hospital, alleging violation of his constitutional rights in connection with treatment he received for an injured hand while he was incarcerated. The plaintiff contends that John Doe, his treating physician, discharged him from Lincoln Hospital without ordering an x-ray of his hand, which he later learned required immediate surgery. The plaintiff seeks unspecified monetary damages for pain and suffering. The defendants now move to dismiss the Amended Complaint. For the following reasons, I recommend that the motion be granted.

Background

On December 17, 2006, while a pre-trial detainee at the George R. Vierno Center at Riker's Island, Mr. Kearse was admitted to Lincoln Hospital to treat an injury to his right hand. (Amended Complaint ("Am. Compl.") at 3; Medical Treatment of Prisoner Form, attached to Affirmation of Jamal Kearse dated June 22, 2008 ("Kearse Aff."). Five days later, Mr. Kearse was discharged from

1

Lincoln Hospital without, he alleges, receiving appropriate medical care. (Am. Compl. at 3). Specifically, he blames the hand specialist who treated him for failing to order an x-ray and thus failing to recognize that a bone in his hand was fractured. (Am. Compl. at 3). Mr. Kearse also contends that the doctor failed to treat his hand properly for an abscess and an infection. (Am. Compl. at 3). Upon his discharge, Mr. Kearse's hand was still grossly swollen with pus leaking from the infected wound. (Am. Compl. at 3). On December 24, 2006, Mr. Kearse was admitted to Bellevue Hospital where he spent three days undergoing surgery to repair the fracture and receiving antibiotics to treat the infection. (Am. Compl. at 5; Bellevue Hospital Discharge Summary, attached to Kearse Aff.).

Procedural History

In 2007, Mr. Kearse filed his original Complaint pursuant to 42 U.S.C. § 1983, naming both Lincoln Hospital and Hand Specialist John Doe as defendants. (Pl. Compl. at 1). On June 4, 2007, the Honorable Kimba M. Wood, Chief Judge, issued a sua sponte order dismissing Mr. Kearse's Complaint as against Lincoln Hospital because the hospital is not a "person" and therefore cannot be sued under 42 U.S.C. § 1983. (Order dated June 4, 2007). However, Judge Wood granted Mr. Kearse leave to amend in order to name the individual doctor at Lincoln Hospital who allegedly violated his right to adequate medical care. (Order dated June 4, 2007 at 4). On August 4, 2007, the plaintiff filed his Amended Complaint, this time naming "Hand Specialist Dr. John Doe at Lincoln Hospital" as

2

a single defendant.[1]  (Am. Compl. at 1).  However, the Amended Complaint still offered no information that could be useful in identifying Dr. Doe.

On March 11, 2008, in response to a request for additional time to serve the Amended Complaint, I extended the deadline to effectuate service until April 30, 2008.  (Order dated March 11, 2008).  I indicated that I would not grant further extensions and that Mr. Kearse should contact the Court's Pro Se Office if he needed assistance.  (Order dated March 11, 2008).

On June 6, 2008, the Summons and Amended Complaint were served on Lincoln Hospital by the United States Marshals Service.[2]  The Marshals' return indicates that service was directed to Lincoln Hospital, and not to Dr. Doe individually.

On August 28, 2008, the New York City Health and Hospitals Corporation, which operates Lincoln Hospital, filed an Answer. Shortly thereafter, it moved to dismiss the Amended Complaint with respect to both Lincoln Hospital and Dr. Doe for failing to state a claim upon which relief may be granted and for failing to

---

[1] Although Mr. Kearse may have tried to follow Judge Wood's order by combining Lincoln Hospital and Hand Specialist Dr. John Doe into a single defendant in his Amended Complaint, it is clear from his claim for relief that he still intended to recover both from Lincoln Hospital and from Dr. Doe individually. (Am. Compl. at 5; Order dated March 13, 2008).

[2] Although the Process Receipt and Return indicates that the Marshals Service did not serve Lincoln Hospital until June 6, 2008, over a month after the deadline I had imposed, it also shows that the Marshals Service received the papers to be served well before that deadline.  It would be unfair to attribute the delay of the Marshals Service in effectuating service to the plaintiff; therefore, service should be deemed to have been timely.

effectuate proper service.  The plaintiff filed an Affirmation in Opposition to the motion containing records of his medical treatment at Bellevue and a single page regarding his medical treatment at Lincoln Hospital.  This one-page "Medical Treatment of Prisoner" form did not include the name of the doctor who treated him.

Discussion

The defendants move to dismiss the Amended Complaint as against Lincoln Hospital because Lincoln Hospital is not a "person" that can be sued pursuant to 42 U.S.C. § 1983, and therefore the plaintiff fails to state a claim upon which relief may be granted. Because Chief Judge Wood previously determined that the plaintiff's claim against Lincoln Hospital should be dismissed for failing to state a claim upon which relief may be granted (Order dated June 4, 2007), this aspect of the defendant's motion should be granted. See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).

The defendants also move to dismiss the Amended Complaint as it pertains to Hand Specialist John Doe.  "Using 'Doe' in place of specifically naming a defendant does not serve to sufficiently identify the defendant." Loeber v. County of Albany, 216 F. Supp. 2d 20, 21 (N.D.N.Y. 2002).  Courts typically resist dismissing suits against John Doe defendants "until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials." Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998). Mr. Kearse, however, has had ample time to identify the doctor who allegedly violated his rights.  Indeed, Judge Wood granted Mr.

4

Kearse leave to amend over a year ago so that he could properly name this defendant.  (Order dated June 4, 2007 at 4).  Not only has Mr. Kearse failed to identify Dr. Doe, there is no indication that he has made any effort to discover the doctor's name even though, as a patient, Mr. Kearse is entitled to access to his own medical records.  Mr. Kearse simply cannot continue to maintain a suit against "Hand Specialist Dr. John Doe."

Since the plaintiff has neither identified nor served a suable individual defendant, I recommend that the Amended Complaint against "Hand Specialist Dr. John Doe" be dismissed without prejudice.  If Mr. Kearse is ultimately able to identify Dr. Doe within the statute of limitations, he would not be precluded from filing a new action against that individual.

Conclusion

For the reasons stated above, I recommend that the defendants' motion be granted, that the plaintiff's claims against Lincoln Hospital be dismissed with prejudice, and that his claims against "Hand Specialist John Doe" be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedural, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of Paul A. Crotty, U.S.D.J., Room 735, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*[signature: James C. Francis IV]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           December 5, 2008

Copies mailed this date:

Jamal Kearse
3310 County Road 496, Apt. #6
Ishpeming, MI 49849

Angela M. Ribaudo, Esq.
Schiavetti, Corgan, DiEdwards & Nicholson, LLP
575 Eighth Avenue, 14th Floor
New York, New York  10018